## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re

**CYNTHIA ANN WARREN**

Debtor

Bankruptcy Case: 23-13194-MMH
(Jointly Administered with case 23-12194)

Chapter 11

## THE UNITED STATES TRUSTEE'S
## MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE

Gerard R. Vetter, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "U.S. Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the U.S. Trustee represents as follows:

1. On May 8, 2023, Cynthia Ann Warren filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On March 27, 2024, the Court entered an order jointly administering this case with the case of *In re Beth A. Henson*, 23-12719-MMH.  (*See* Doc. 81.) Pursuant to that order:

    (a)    Except where circumstances warrant different treatment, a single caption listing all Debtors and their respective case numbers, and stating the cases are jointly administered under 23−13194−MMH,

shall be used on all pleadings, motions and other papers served or filed in these cases;

(b)     Except where circumstances warrant different treatment, original pleadings shall be filed in the case known as Cynthia Ann Warren, Case No. 23−13194−MMH;

(c)     Where circumstances warrant different treatment, original pleadings shall be filed in the non−lead case and copies filed in each of the other cases captioned above.

3.      Because this Motion requests the dismissal of only one of the two jointly administered cases, the United States Trustee believes that this motion is one that warrants "different treatment" as described in the court's order and, thus, this motion contains only a single caption, but will be filed in both cases.

4.      As described more fully below, cause exists pursuant to 11 U.S.C. § 1112(b) for the conversion or dismissal of this case.  Because this motion seeks the dismissal of only [?]

5.      Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee.  11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).  Which of the three actions should be taken is determined by the best interests of the creditors and the estate.  *Id.*

6.      In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate.  The interest of the debtor is not a factor to be considered.  *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86

(D. Md. 2012).

7.    If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

      i.    "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";

      ii.    a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

      iii.    the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

8.    The Code provides 16 examples of "cause."  11 U.S.C. §1112(b)(4).  The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause.  *In re Skeen, Goldman, LLP*, No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

---

[1]  Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply.  11 U.S.C. § 1112(b)(2)(B).

## Failure to File Timely Monthly Operating Reports

9.      Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file timely Monthly Operating Reports with the court and the U.S. Trustee on a monthly basis.

10.     The failure to file timely Monthly Operating Reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter").  As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something."  They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations.  Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process."  It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

11.     Since commencing this case, Ms. Warren's filing of timely monthly

-4-

operating reports has been inconsistent at best.  Although due on the 21st day of the month following the reporting period, Ms. Warren did not file her May and June 2023 reports until August 1, 2023.  (*See* Docs. 34, 35.)

12.     Then, after a few months of filing timely reports, reports for October, November and December 2023, were all untimely filed on February 13, 2024.  (*See* Docs. 59, 60, 61.)

13.     Since filing that untimely December 2023 report on February 13, 2024, Ms. Warren has not filed any Monthly Operating Reports.  Ms. Warrren has not filed any reports at all for January, February, March, April or May of 2024, all of which are overdue. In addition, a report for June 2024 will come due on July 21, 2024.

### <u>Local Rule 9013 Statement</u>

14.     The U.S. Trustee submits that no novel issue of law is presented with respect to the matters contained herein.  Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the U.S. Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an Order:

(1)     Granting this Motion;

(2)     Converting to Chapter 7 or in the alternative dismissing this case; and

(3)     Granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: July 18, 2024

Gerard R. Vetter,
Acting United States Trustee for Region Four

By: _/s/ Hugh M. Bernstein_
Hugh M. Bernstein
Fed. Bar No.: 23489
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail: hugh.m.bernstein@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 18, 2024, a copy of the foregoing Motion to Convert to Chapter 7 or to Dismiss was sent via first class mail, postage prepaid to:

Cynthia Ann Warren
1024 E 36th Street
Baltimore, MD 21218

Mark G. Chalpin
116 Billingsgate Lane
Gaithersburg, MD 20877

Frank J. Giarratano
4237 Red Bandana Way
Ellicott City, MD 21042

Matthew Kaiser
KaiserDillon PLLC
1099 14th Street NW
8th Floor West
Washington, DC 20005.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

Nancy Alper     nancy.alper@dc.gov
Hugh M. (UST) Bernstein     hugh.m.bernstein@usdoj.gov
Jessica Hepburn-Sadler     sadlerjh@ballardspahr.com, andersonn@ballardspahr.com
Marc    A.    Ominsky                    info@mdlegalfirm.com, marc@mdlegalfirm.com;adeal@mdlegalfirm.com;bkcourtmailmd@gmail.com;a.mr78701@notify.bestcase.com
John    D.    Sadler                    Sadlerj@ballardspahr.com, andersonn@ballardspahr.com;LitDocket_East@ballardspahr.com
Eric S. Steiner     info@steinerlawgroup.com, eric.steinerlawgroup.com@recap.email
US Trustee - Baltimore     USTPRegion04.BA.ECF@USDOJ.GOV


                          */s/ Hugh M. Bernstein*
                          Hugh M. Bernstein

-7-